J-S41037-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL B. STAHLEY, | : | |
| | : | |
| Appellant | : | No. 22 MDA 2019 |

Appeal from the PCRA Order Entered December 5, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000910-2004

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 11, 2019**

Michael B. Stahley (Appellant) appeals from the December 5, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

A prior panel of this Court provided the following history.

> A jury found Appellant guilty of forcible rape, involuntary deviate sexual intercourse, simple assault, burglary, terroristic threats, and theft arising from a break-in and sexual assault that occurred on or about May 21, 2004.  On October 2, 2006, the trial court adjudicated Appellant a sexually violent predator [], and imposed an aggregate sentence of [22½ to 47½ years of] imprisonment.  This Court affirmed Appellant's judgment of sentence.  ***Commonwealth v. Stahley***, 965 A.2d 303 (Pa. Super. 2008) (unpublished memorandum).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 2, 2011.  Appellant's judgment of sentence became final, therefore, on August 1, 2011.

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Stahley*, 159 A.3d 599 (Pa. Super. 2016) (unpublished memorandum at 1-2) (unnecessary capitalization and some citations omitted).

Thereafter, Appellant filed several unsuccessful PCRA petitions. Relevant to this appeal, Appellant filed a petition for writ of *habeas corpus* on November 13, 2017, alleging PCRA court error and ineffective assistance of counsel. Appellant subsequently filed a PCRA petition on January 26, 2018, averring that he was entitled to relief pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[1] *Pro se* PCRA Petition, 1/26/2018, at 4; **see generally** Brief in Support of PCRA Relief, 1/26/2018 (unnumbered). As such, Appellant sought "to be removed from the Megan's Law and SORNA registry because it is unconstitutional and cannot be applied retroactively to [him], and no law now exists[.]" *Pro se* PCRA Petition, 1/26/2018, at 6 (unnecessary capitalization omitted). The PCRA court treated both filings as PCRA petitions, and on November 15, 2018, issued notice of its intent to dismiss the petitions without a hearing, pursuant to Pa.R.Crim.P. 907. On

---

[1] In **Muniz**, our Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42, are punitive and therefore retroactive application of those provisions violates the *ex post facto* clauses of the Pennsylvania and United States constitutions.

December 5, 2018, the PCRA court dismissed Appellant's petitions as untimely filed. [2]

This timely-filed notice of appeal followed.[3]  On appeal, Appellant raises two issues for our review.

1. The motion Memorandum of Law and Averments[4] shows the fact that the appeal was timely and within the 60 day new evidence rule.  Which is not a PCRA petition.

2. The requirements to register under SORNA included in his sentence violates the Defendant's Constitutional rights.

Appellant's Brief at 3 (verbatim).

Appellant first claims the PCRA court erred by treating his petitions as PCRA petitions.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.  Unless the PCRA could not provide for a potential remedy,  the PCRA statute  subsumes the writ of *habeas corpus.*  Issues that are cognizable under the PCRA  must  be  raised  in  a  timely  PCRA petition and  cannot be

---

[2] Appellant timely mailed a response, but it was not docketed until the day after the PCRA court dismissed Appellant's petitions.

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  The PCRA court additionally referred this Court to its November 15, 2018 order, detailing  its  reasoning  for  dismissing  Appellant's  petitions.   Opinion *sur* Pa.R.A.P. 1925(a) and Order of Court, 1/31/2019, at 2.

[4] This appears to be a reference to Appellant's response to the PCRA court's notice of intent to dismiss.  Although largely incomprehensible and spanning only four sentences, his response purports to argue that the petition (it is unclear which one) was not a PCRA petition and therefore not subject to the PCRA's rules, but was nonetheless within the time limits of the 60-day "new evidence rule."  Answer to Show Cause for Intent to Dismiss Memorandum of Law and Averments, 12/6/2018.

raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013).

The November 13, 2017 petition for writ of *habeas corpus* raised claims of ineffective assistance of counsel, which are cognizable under the PCRA, and therefore must be raised in a PCRA petition. ***Id.*** Additionally, the January 26, 2018 petition challenged the application of SORNA's registration provisions pursuant to ***Muniz***. Such a claim, which implicates the legality of Appellant's sentence, is also cognizable under the PCRA, and therefore must be raised in a PCRA petition. ***See Commonwealth v Greco***, 203 A.3d 1120, 1123 (Pa. Super. 2019) (holding that claims challenging application of SORNA's registration provisions and "invocation of ***Muniz*** implicate[] the legality of [the] sentence, which is an issue cognizable under the PCRA and, therefore, subject to the PCRA's timeliness requirements"). Accordingly, the PCRA court properly treated Appellant's petitions as PCRA petitions and his first claim fails.

Before reaching the merits of Appellant's second claim, we must first consider whether Appellant has timely filed his petitions, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[5]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, as detailed *supra*, Appellant's judgment of sentence became final on August 1, 2011, following the expiration of time for seeking review before the United States Supreme Court. Appellant had one year, or until August 1, 2012, to file timely a PCRA petition. Thus, Appellant's 2017 and 2018 petitions are facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his petition, Appellant attempts to plead the new-retroactive-right exception,[6] by invoking *Muniz* and its progeny. Appellant's Brief at 7. This

---

[5] This subsection was recently amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

[6] This exception provides as follows.
*(Footnote Continued Next Page)*

Court considered whether **Muniz** applies under similar circumstances in

***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018). In that

case, Murphy was convicted of a number of sex-related crimes in 2007, and

after review, his judgment of sentence became final on July 28, 2009. On

October 18, 2017, while a serial PCRA petition was pending in this Court,

Murphy filed a motion asserting that **Muniz** rendered portions of his

sentence unconstitutional. In considering that argument, this Court

acknowledged that

> **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context."

*(Footnote Continued)* ─────────

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

On appeal, Appellant also attempts to invoke, without any elaboration, the newly-discovered facts exception set forth at subsection 9545(b)(1)(ii). *See* Appellant's Brief at 7. This argument was not raised before the PCRA court, and thus it is waived. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

> ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on ***Muniz*** to meet th[e third] timeliness exception.

***Murphy***, 180 A.3d at 405-06 (emphasis in original; some citations omitted).

Because neither our Supreme Court nor the United States Supreme Court has held that ***Muniz*** applies retroactively, the holding in ***Muniz*** does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court [or the United States Supreme Court] issues a decision holding that ***Muniz*** applies retroactively, Murphy can then file a PCRA petition, within [one year] of that decision, attempting to invoke the 'new retroactive right' exception in [sub]section 9545(b)(1)(iii)." ***Murphy***, 180 A.3d at 406 n.1.

Based on the foregoing, we conclude that Appellant's petitions were filed untimely, and he has not proven an exception to the timeliness requirements. Thus, he is not entitled to relief. *See **Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/11/2019</u>